UNITED STATES of America,
Appellee,

v.

John Lee BOWEN, Appellant.

No. 72–1012.

United States Court of Appeals,
Ninth Circuit.

Oct. 23, 1973.

Michael D. Nasatir (argued), Nasatir,
Sherman & Hirsch, Beverly Hills, Cal.,
for appellant.

Shelby R. Gott, Asst. U. S. Atty.
(argued), Harry D. Steward, U. S.
Atty., Stephen G. Nelson, Asst. U. S.
Atty., San Diego, Cal., for appellee.

Before CHAMBERS, MERRILL,
KOELSCH, BROWNING, DUNIWAY,
ELY, HUFSTEDLER, WRIGHT,
TRASK, CHOY, GOODWIN, WAL-
LACE and SNEED, Circuit Judges.

ORDER.

A majority of the judges of this court
in active service have voted to hear the
above case en banc on December 11,
1973, at 1:30 P.M. If counsel desire to
submit additional briefs, such briefs
must be filed in the Clerk's Office of
this Court no later than November 15,
1973.

Argument will be in Courtroom No. 1
in the United States Court of Appeals
and Post Office Building, Seventh and
Mission Streets, San Francisco.

(Circuit Judge Chambers will file a
dissent to the foregoing order.)

CHAMBERS, Circuit Judge (dissent-
ing):

I dissent from the order for en banc.
At issue is the retroactivity of Almei-
da-Sanchez v. United States, 411 U.S.
903, 93 S.Ct. 1531, 36 L.Ed.2d 192
(1973). Also involved in *Bowen* under
*Almeida-Sanchez* is the status of an in-
termittent but fixed checkpoint.

I would let the panel, [9 Cir., 462 F.2d 347] decide the case. None of the earmarks of the normal case for en banc are here.

It is inescapable that the Supreme Court will decide the questions here. They are too big and too far reaching for that Court to ignore them.

This en banc hearing results in about a three-months' delay in the case getting to the Supreme Court. Meanwhile, two or three district courts are almost choked with the retroactive question. Thus, knowing our decision means little in this instance, I was prepared to live with any decision the panel might render.

Taking this case en banc is simply flying off into the air without a payload.